UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY DAWN ROWE,       Civil Action No.: 17-13264
     Honorable Mark A. Goldsmith
       Plaintiff,      Magistrate Judge Elizabeth A. Stafford

v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

       Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 2]

On October 2, 2017, Plaintiff Kimberly Dawn Rowe filed her complaint

and an application to proceed *in forma pauperis.* [ECF No. 1, 2].[1] Her

application to proceed *in forma pauperis* should be **DENIED**, and she

should be required to pay the filing fee in this matter.

28 U.S.C. § 1915(a) provides that "any court of the United States may

authorize the commencement, prosecution or defense of any suit, action or

_____

[1] The case has been referred to this Court to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A). [ECF No. 3]. A report and recommendation is appropriate here, as magistrate judges do not have authority to deny motions to proceed IFP. *Woods v. Dahlberg*, 894 F.2d 187, 187-88 (6th Cir. 1990).

proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." To determine whether to grant an IFP application, the court considers the applicant's employment status, annual salary, assets (including real estate and automobiles), and financial resources available from the claimant's spouse (if any). *Carroll v. Onemain Fin. Inc.*, No. 14-CV-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015). "An affidavit to proceed IFP is sufficient if it states that one cannot, because of poverty, afford to pay for costs of litigation and still provide the litigant and his or her family the necessities of life." *Id.* Courts have denied IFP applications where applicants have had assets and/or income that exceed the cost of filing the complaint. *Beres v. Comm'r of Soc. Sec. Admin.*, No. 1:14CV01448, 2014 WL 3924634, at *2 (N.D. Ohio Aug. 11, 2014) (listing cases).

Here, Rowe's application reflects that she receives monthly alimony payments in the amount of $1,260.00, she has approximately $32,000 invested in an Individual Retirement Account (IRA), has a 2005 Ford Explorer with an approximate value of $1,000, and has $200 in a checking or savings account. [ECF No. 2, PgID 4-5]. She indicated that she has incurred approximately $50,000 in medical bills, and that she is living with her son and daughter-in-law. [*Id.*, PgID 5].

2

The Court thus **RECOMMENDS** that Rowe's application be **DENIED**, as "[her] access to court is not blocked by [her] financial condition, but rather [s]he is properly in the position of having to weigh the financial constraints posed by pursuing [her] complaint against the merits of [her] claims."  *Carroll*, 2015 WL 404105, at *3.


Dated: October 13, 2017             s/ Elizabeth A. Stafford
Detroit, Michigan                   ELIZABETH A. STAFFORD
                                    United States Magistrate Judge

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 13, 2017.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
